RAWLINSON, Circuit Judge,
dissenting in part:
I respectfully dissent from that portion of the majority opinion reversing the remand of this case to state court. The facts of this case fall somewhere between our decision in Nevada v. Bank of America, 672 F.3d 661 (9th Cir.2012), and the Third Circuit’s decision in Abraham v. St. Croix Renaissance Group, L.L.L.P., 719 F.3d 270 (3d Cir.2013). Ultimately, I conclude that the analysis in Abraham is more persuasive on the particular issue we are called upon to decide.
*638 I am persuaded to this view by the particular facts of the respective cases. In the Nevada case, the state’s Attorney General filed an action against Bank of America, alleging that the bank “misled Nevada consumers about the terms and operation of its home mortgage modification and foreclosure processes ” Nevada, 672 F.3d at 664. Bank of America removed the action to federal court under the Class Action Fairness Act (the Act). The district court denied the state’s motion to remand, and this court granted the state’s request for leave to appeal. See id. at 665. We identified the pivotal issue as whether the action qualified as a mass action. Specifically, we considered whether the “event or occurrence” exclusion in the Act precluded federal jurisdiction. See id. at 668; see also 28 U.S.C. § 1332(d)(11)(B)(ii)(I) (excluding from the Act’s definition of “mass action” a “civil action in which all of the claims in the action arise from an event or 'occurrence in the State in which the action was filed”). We explained that the “event or concurrence exclusion applies only where all claims arise from a single event or occurrence ...” Nevada, 672 F.3d at 668 (internal quotation marks omitted) (emphasis in the original). We noted that this standard was not met because the action filed by the Attorney General “allege[d] widespread fraud in thousands of borrower interactions ...” Id.
In contrast to Nevada, the facts in Abraham more closely mirror the facts of this case. The defendant purchased a former alumina refinery. The plaintiffs alleged in their complaint that the refinery released hazardous materials that were dispersed and disseminated by wind and erosion. See 719 F.3d at 272-73. Plaintiffs also alleged that the defendant failed to abate the dispersal and dissemination of the hazardous substances. See id. at 273.
The parties disagreed about whether the “event or occurrence” exclusion applied. The plaintiffs argued that their action came within the exclusion “because every operative incident occurred [locally] and caused injury and damages to the plaintiffs’ persons and property [locally].” Id. at 274 (alteration and internal quotation marks omitted). According to the plaintiffs, their claims arose “from an event or occurrence [locally] that happened at a single location, the alumina refinery....” Id. (internal quotation marks omitted).
The defendant countered that the “event or occurrence” exclusion was inapplicable “because it requires a single incident and the plaintiffs’ complaint alleged that there were multiple events and occurrences over many years____” Id. (internal quotation marks omitted). On appeal, the Third Circuit reasoned that “[i]n common parlance, neither the term event nor occurrence is used solely to refer to a specific incident that can be definitively limited to an ascertainable period of minutes, hours or days.” Id. at 277 (footnote reference and internal quotation marks omitted). The Third Circuit noted that the words “event” and “occurrence” do not “necessarily” embody a “temporal limitation.” Id.
The Third Circuit concluded that the complaint’s allegations asserted “circumstances that persisted over a fixed period of time — specifically, from 2002, when [defendant] acquired the former alumina refinery, to [2013].” Id. at 279. The Third Circuit delineated the allegations in the complaint as including the hazardous substances embedded in the mud, the plaintiffs’ exposure to those hazardous substances, and the failure of the defendant to remediate. See id. The Third Circuit adopted the district court’s characterization of plaintiffs’ allegations as involving “the continuous release of toxic substances from a single facility located in the Virgin *639 Islands ...” Id. (internal quotation marks omitted). The Third Circuit agreed that “these circumstances” met the “event or occurrence” exclusion in the Act, and affirmed the district court’s remand of the action to state court. Id. at 279-80.
There is a clear parallel between the allegations made by the plaintiffs in the Abraham case and the allegations made by the plaintiffs in this case. Although I would not necessarily go so far as to label the Civil War a single event under the Act, the approach taken by the Third Circuit is otherwise reasonable. The plaintiffs in this case made allegations similar to those made in Abraham. In their Amended Complaint, they alleged that they and their properties were affected by the release of toxic chemicals and other hazardous substances emanating from the operations of defendant Boeing. Plaintiffs also alleged that Boeing and its agent Landau Associates failed to adequately remediate the hazardous substances. All of the affected residents and properties were located in Algona, Washington and made identical claims against Boeing and Landau' Associates.
Plaintiffs identified two plumes of volatile organic chemicals originating from the same Boeing plant, as the source of then-injuries. The district court described the allegations as follows:
As in Abraham, Plaintiffs’ Amended Complaint alleges circumstances that persisted over a fixed period of time— specifically, from the late 1960s and/or mid-1970s, when Boeing bought and used certain property as an airplane manufacturing site, through the present. These circumstances included: 1) Boeing’s use of certain chemical solvents as degreasing agents for their metal parts, which allegedly leeched into the surrounding groundwater, then soil and air; 2) the Plaintiffs’ alleged continual exposure to the chemical solvents as the chemicals escaped the groundwater into the soil and into the air; and 3) the alleged failures of Boeing and its subcontractor to properly remediate the hazard and/or inform neighboring owners of the hazard.... Simply put, [Plaintiffs] allege that the condition of .the site during the period of Boeing’s use and ownership provided a source for the ongoing emission of chemical solvents into the site’s groundwater (then soil and air) which were subsequently dispersed onto the Plaintiffs’ persons and property, and which have not been properly remediated....
District Court Order, p. 6 (citations omitted).
I agree with the district court that this case is more like Abraham than Nevada.
It is understandable why we held that the “event or occurrence” exclusion did not apply in Nevada. The allegations in the complaint alleged fraud in thousands of individual lending transactions. See Nevada, 672 F.3d at 668. Each loan is necessarily dependent on highly individualized circumstances, including creditworthiness and income. See, e.g., Enriquez v. Countrywide Home Loans, 814 F.Supp.2d 1042, 1051-52 (D.Haw.2011) (referencing plaintiffs credit rating and debt to income ratio in relation to her loan qualification process).
In addition to the obvious individualized circumstances at issue in Nevada, two other matters are noteworthy. The first is that the State of Nevada did not even contend that the “event or' occurrence” exclusion applied in the district court or on appeal. Nevada, 672 F.3d at 668 n. 2. The second is that we expressly referenced “environmental torts such as a chemical spill” as occurrences to which the exception was “clear[ly] ... intended to apply.” Id. at 668. These considerations persuade *640 me that Nevada does not support the outcome reached by the majority.
A recent decision from the Fifth Circuit similarly distinguished our “ambiguous decision” in Nevada. Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C., 760 F.3d 405, 412 (5th Cir.2014). As discussed above, the Fifth Circuit also highlighted our citation in Nevada to an “environmental tort” as an “example that satisfies [the “event or occurrence”] language” and our holding that the single event exclusion “cannot apply to ... thousands of separate transactions.” Id. (citation omitted). The reasoning of the Third Circuit in Abraham, the reasoning of the Fifth Circuit in Rainbow Gun Club, and the disparate facts of Nevada lead me to dissent. I would affirm the district court decision remanding this case to state court.